IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANGELA GOODMAN, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-CV-00504-TWT |
| HOUSING AUTHORITY OF | : | |
| DEKALB COUNTY and EUGENE | : | |
| WALKER in his official capacity as its | : | |
| Executive Director, | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

Pending before the Court was a Motion for a Temporary Restraining Order and Preliminary Injunction filed by the plaintiff, Angela Goodman, against Defendants Housing Authority of DeKalb County ("HADC") and Eugene Walker, seeking reinstatement of her family's Section 8 Housing Choice Voucher Program assistance ("Section 8 voucher"). Defendants opposed the motion for injunctive relief.

An evidentiary hearing was held on February 21, 2017. Goodman was present at the hearing along with her attorneys, Lindsey Siegel and Jessica Felfoldi. Defendants were present with their attorney, James Dearing. The parties had an

-1-

opportunity to present evidence and oral arguments to the court. Having considered the matter, the Court GRANTS Plaintiff's motion.

## I.      Findings of Fact

On January 31, 2017, Goodman filed suit against the HADC and its executive director based on their termination of her Section 8 voucher. In the complaint, Goodman asserts claims under 42 U.S.C. § 1983 for violation of her due process rights secured by the Fourteenth Amendment to the U.S. Constitution. She also alleges violation of her due process rights under the Georgia Constitution, violations of the Housing Act, 42 U.S.C. § 1437f, and its implementing regulations, violations of HADC's administrative plan, and violations of her right to a reasonable accommodation for her son's disability under 29 U.S.C. § 794, 42 U.S.C. § 3601, and 42 U.S.C. § 12131. Goodman also filed a motion for a Temporary Restraining Order and Preliminary Injunction seeking reinstatement of her family's Section 8 voucher while this action is pending.

At the hearing on Goodman's motion for a preliminary injunction, Goodman provided the only testimony. Defendants presented no evidence or witnesses in opposition to the motion. This Court credited Goodman's undisputed testimony, which is summarized below.

Goodman has been a participant in good standing in the Section 8 program for over eighteen years. The last fourteen years were with the HADC. She has never before been terminated from the program, nor has she ever faced a proposed termination of her Section 8 voucher. On Goodman's voucher are herself, her seven minor children, and her disabled adult son. At the time she filed this complaint, she and her eight children were effectively homeless, and were forced to stay in a one-room weekly hotel for lack of other options.

From early 2012 until January 19, 2017, Goodman and her family lived in a five-bedroom home in Lithonia, Georgia with their voucher. From the time they moved in, the family experienced a host of problems with the conditions in the home. The problems included a non-working oven and refrigerator, rotten kitchen cabinets, rats burrowing through her floor and walls, a leaking sink, a broken garage door, and a driveway that flooded when it rained, and many others (*see* docs. 5-5, 5-6, 5-7, 5-8, 5-10, 5-12, 5-13). During her tenancy, she complained repeatedly about these issues, both to her landlord's property manager and to HADC staff (*see* docs. 5-2, 5-3, 5-4, 5-9, 5-11). Although her landlord repaired some items, he failed to repair others or left items un-repaired for extraordinary lengths of time.

In September 2016, HADC's inspectors[1] conducted several previously-scheduled inspections of Goodman's home. The results noted that there were many repair problems, including some listed as Goodman's responsibility and some listed as her landlord's responsibility. Goodman timely fixed the few minor damages she or her family caused.  Four items listed as her responsibility remained unrepaired, but she disputed that she or her children caused those damages. Therefore, she did not believe the remaining repairs were, in fact, her responsibility to fix.

On September 13, 2016, HADC sent Goodman a proposed termination notice, which listed two bases: a missed inspection and damaging the unit beyond normal wear and tear (*see* doc. 5-17). Goodman timely requested an informal hearing and one was held on November 3, 2016.

At the hearing were HADC's compliance officer, Kentrye Cornelious, the hearing officer, Turkia Hill, and Goodman. The only person at the hearing with first-hand knowledge of the conditions was Goodman herself, as neither the compliance officer nor the hearing officer had ever been to Goodman's home. At the hearing, Goodman explained that she missed one inspection because her

---

[1] HADC contracts with a private company, McCright and Associates, for its inspections.  Thus, the inspection notices presented during the hearing contain both HADC and McCright's names.

disabled son was in the hospital on that day. She also explained that she fixed the repairs that she had caused, and she did not believe the remaining repairs were her responsibility. The HADC representative present at the hearing had no evidence showing Goodman had caused any of the damages.

On November 17, 2017, the hearing officer issued a decision upholding the termination of Goodman's voucher (*see* doc. 5-23). Goodman then received a notice stating that the last payment to her landlord would be January 1, 2017 (*see* doc. 5-24).

In December, Goodman's landlord filed an eviction action against her for non-payment of rent even though Goodman's portion of the rent was $0. However, the landlord alleged that HADC had not paid the landlord for several months. Goodman later learned that the property had been placed into abatement, and the landlord was not receiving Housing Assistance Payments because of the landlord's own failure to repair items in the home. Goodman also learned that HADC later terminated the contract with her landlord because of the failure to repair. Fearing an eviction on her credit report, and not wanting to get into further trouble with HADC, Goodman came to an agreement with her landlord at court. She agreed to

move out voluntarily by January 19, 2017; in exchange, the landlord dismissed the eviction action.

On January 18, 2017, Goodman and her children moved into the one-room weekly motel they still occupied as of this Court's hearing. All nine family members slept between the hotel room's two beds and an air mattress Goodman purchased herself. The room contains no kitchen or food storage area aside from a mini-refrigerator. Goodman brought in her own microwave, but has no other cooking options in the room. As a result of her stay at the weekly motel, Goodman has incurred extra expenses for rent, food, and storage. Further, Goodman's family has experienced significant hardship because of their current living situation.

## II.    Conclusions of Law

To warrant a preliminary injunction, the moving party must demonstrate each of the following: "(1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction is issued, and (4) an injunction would not disserve the public interest." *Odebrecht Constr. v. Sec'y, Fla. DOT*, 715 F.3d 1268, 1273-4 (11th Cir. 2013) (quoting *Grizzle v.*

*Kemp*, 634 F.3d 1314, 1320 (11th Cir. 2011)). Our circuit has held that an injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to all four elements." *CBS Broadcasting, Inc. v. Echostar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001).

A. Likelihood of Success

Goodman established that she is substantially likely to succeed on her § 1983 claim. HADC had no basis whatsoever to terminate Goodman's voucher. HADC offered no evidence that she or her family damaged the unit. On the contrary, the weight of the evidence showed that the contested items were due either to the state of disrepair at the time the family moved in or ordinary wear and tear. Under HADC's policies and HUD regulations, ordinary wear and tear is not a basis to terminate a tenant from the Section 8 program. *See* 24 C.F.R. § 982.404(b)(iii).

Furthermore, Goodman showed that the Housing Authority's decision to terminate her voucher was arbitrary and capricious because there was no evidence that Goodman committed any violations of the Section 8 program rules.

Finally, Goodman showed that HADC violated her due process rights under the Fourteenth Amendment of the U.S. Constitution and the Georgia Constitution.

B. Irreparable Harm

Goodman demonstrated that she has already and will continue to suffer irreparable injury absent injunctive relief. Without a Section 8 voucher, Goodman is unable to provide suitable, adequate, and safe housing for her family. Goodman established that she and her family have already experienced tremendous harm because of HADC's actions. Her family is currently living in an unsustainable situation where nine people must share a single motel room with one bathroom. They are not able to cook meals, do not have adequate sleeping arrangements, and must spend a significant portion of their limited funds to pay the weekly rent, buy prepared food, and pay for storage for their belongings. Ms. Goodman testified that her children are not able to play outside and her disabled son is experiencing significant emotional harm because of their current living conditions.

C. Balance of Hardships

The balance of hardships clearly favors Goodman because she will continue to be harmed without injunctive relief, whereas HADC will not suffer any harm if the injunction is granted. HADC offered no evidence that it would experience any

harm. Rather, the evidence showed that HADC terminated its agreement with Goodman's landlord for failing to maintain the property in adequate repair. Absent the improper termination of Goodman's voucher, HADC would have already issued Goodman a new voucher so she could move to a new property. Granting this injunction would merely compel the HADC to do what it would have already done in the normal course of business. Given the significant harm to Goodman, outlined in the section above, and the fact that HADC should have issued Goodman a new voucher to move several months ago, the balance of hardships weighs decisively in Goodman's favor.

D. Public Interest

It is in the public interest to issue injunctive relief in this case. Our community has a public interest in ensuring that its members have decent, safe, and adequate housing, particularly for minor children and their parents. *See* 42 U.S.C. § 1437f(a) (the express purpose of the Section 8 program is "aiding low-income families in obtaining a decent place to live"). It would not disserve the public interest whatsoever to issue injunctive relief for Goodman and her family.

Accordingly, it is hereby ORDERED:

1. For the reasons stated above, this Court grants Goodman's motion for injunctive relief. The Court orders HADC to immediately reinstate Goodman's Section 8 voucher and to provide her with all other benefits to which she is entitled under the program until this case can be fully adjudicated.

2. By consent of the parties, the Court converted the hearing, *nunc pro tunc*, to a joint Temporary Restraining Order and Preliminary Injunction hearing.

This 23rd day of February, 2017.

**/s/Thomas W. Thrash**
Hon. Thomas W. Thrash, Jr.
Chief United States District Judge

Prepared by:
Lindsey M. Siegel (#730072)
Jessica D. Felfoldi (#442858)
Attorneys for Plaintiff

Atlanta Legal Aid Society, Inc.
246 Sycamore Street, Suite 120
Decatur, GA 30030
Phone:      (770) 817-7522 (Siegel)
            (770) 817-7529 (Felfoldi)
Fax:        (404) 377-2349
lmsiegel@atlantalegalaid.org
jdfelfoldi@atlantalegalaid.org

-10-